UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

John Baldwin,
    Plaintiff,

v.

Bruce Tessier, Brian Ford,
Patrick Smith and Thomas Barron,
    Defendant

COMPLAINT

JURY TRIAL DEMANDED

05-10898 DPW

Referred to MJ Leo T. Sorokin

Preliminary Statement

This is a Civil Rights action filed by, John Baldwin, a state prisoner, for damages, injunctive relief and declaratory judgement under 42 U.S.C. §1983, alleging excessive use of force and denial of medical care in violation of the Eighth Ammendment to the United States Constitution. The Plantiff also alleges the torts of assault and battery.

Jurisdiction

1. The court has jurisdiction over the plaintiff's claims of violation of Federal Constitutional Rights under 42 U.S.C.§§-1331(a) and 1343.

2. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28U.S.C.§1367.

(1)

Parties

3. The plaintiff, John Baldwin, was incarcerated at M.C.I. Cedar Junction ("CJ") during the events described in this complaint.

4. Defendants, Bruce Tessier and Brian Ford are Correctional Officers employed at CJ. They are sued in their individual and official capacities.

5. Defendant, Patric Smith, is a Correctional Lietuenant in charge of the orderly running of CJ, and the Supervisor of Tessier and Ford. He is sued in his individual and supervisorary and official capacities.

6. Defendant, Thomas Barroni, is a Correctional Captain, in charge of overseeing defendants, Smith, Tessier and Ford. He is sued in his individual and supervisory and official capacities.

7. All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

Facts

8. On or about April 1,2003, plaintiff was housed in WWSU,10Block, segregation unit. Defendant Tessier, came to plaintiff's cell and stated-"pack your stuff,your moving to a differenf cell". Plaintiff refused due to the cell still having feces smeared on the wall, which would have posed a serious health risk. Therefore plaintiff was left in his present cell.

9. The next day on or about April2nd,2003, in the morning hours when the nurse was passing out the morning medication, she approached plaintiff's cell and stated, "get your water", in order to recieve your meds. At this time plaintiff explained to the nurse that he had an order for his meds not to be crushed.

10. At hearing the plaintiff's statement, defendant, Barron, then ordered defendant Ford to put handcuffs and leg irons on the plaintiff and to give the plaintiff his cane in order for him to be removed from his cell and brought to the end of the tier in order to recieve his meds. After the plaintiff finnished taking his meds, defendant Barron, then ordered defendants, Ford and Tessier, to drag the plaintiff up the stairs in order for him to be moved to population and to take the cane from the plaintiff.

11. Upon reaching the top of the stairs, defendant, Barron, called to Defendant Smith to open the gate and join in on the esscort of the plaintiff.

Misuse of Force

12. Durring the escort, defendants Tessier, Ford and Smith used excessive force and physically assaulted the plaintiff.

13. Plairtiff was struck in the hip area by defendant Ford, causing bruising,

14. Plairtiff's shirt was used to strangle him by defendant Tessier, causing marks on his neck.

15. Plairtiff was further assaulted by defendants Smith, Ford and Tessier, causing swollen eyes, bruising to his face, right hip and cut his ankle from the leg irons being applied to tightly.

16. Defendant, Captain Barron, observed the assaults but, however, did not intervene to stop them.

(3)

DENIAL OF DUE PROCESS

17. There was no use of force reports filed pursuant to 103 CMR 505, as a result of this incident.

18. Plaintiff filed a grievance (#03-342) on April 2nd.2003. As a result of this incident. The grievance was denied.

19. Plaintiff appealed this denial to Peter Allan, who at the time of this incident was the Superintendant of MCI Cedar Junction. On May 13th.2003, this too was denied.

20. Subsequent to the April 2nd.2003, incident, superintendant, Peter Allan was dissmissed from the Massachusetts Department of Corrections for misconduct.

DENIAL OF MEDICAL-CARE

21. Plaintiff at this time requested to see medical staff due to the injuries he recieved during the escort.

22. Plaintiff's medical request was denied by all of the defendants and plaintiff was left in a cell for approx. 4 to 7 days without medical attention.

23. Plaintiff submitted a medical request slip in order to recieve medical attention for his injuries, in which caused the plaintiff to have a migraine headaches.

24. After a few days, plaintiff was seen by a physician who at the time diagnosed plaintiff with migraine headaches and perscribed plaintiff medication to help stop the headaches.

CLAIMS FOR RELIEF

25. The actions of defendants, Smith, Ford and Tessier, in using physical force against the plaintiff without need or provication, were done maliciously and sadistically and constituted cruel and unusual punnishment in violation of the Eight Amendment of the United States Constitution.

(4)

26. The actions of defendants Smith, Ford and Tessier in using physical force against the plaintiff without need or provication constituted the tort of assault and battery under the law of -

27. The action of defendant, Captain Barroni in failing to intervene to prevent the misuse of force, was done maliciously and sadisticly and constituted cruel and unusual punnishment in violation of the Eigth Amendment of the United States Constitution and the tort of assault and battery under the law of-

RELIEF REQUESTED

Wherefore, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgement stating that:

1. The physical abuse of the plaintiff by defendants Smith, Ford and Tessier violated the plaintiff's rights under the Eight Amendment to the United States Constitution and constituted an assault and battery under state law.

2. Defendant, Barroni's failure to intervene to prevent the misuse of force of the plaintiff violated the plaintiff's rights under the Eigth Amendment to the United States Constitution and constituted an assault and battery under state law.

3. Defendant, Barroni, Smith, Ford and Tessier's actions in failing to provide medical care for the plaintiff violated the plaintiff's rights under the Eigth Amendment to the United States Constitution.

B. Award compensatory damages in the following ammounts:

1. $100.000 jointly and severally against defendants Smith, Ford, and Tessier for the physical and emotional injuries sustained as a result of the plaintiff's beatings.

2. $75.000 severally against defendant Barroni, for the emotional injury resulting from his failure to intervene to prevent the misuse of force as a result of the plaintiff's beating.

3. $50.000 jointly and severally against defendants Barroni, Ford, Smith and Tessier for the physical and emotional injury resulting from their failure to provide adequate medical care to the plaintiff.

C. Award punitive damages in the following ammounts:

1. $20.000 each against defendants Smith, Ford and Tessier.

2. $25.000 against defendant Barroni.

D. Grant such other relief as it may appear that plaintiff is entitled.

DATE: April 25, 2005

RESPECTFULLY SUBMITTED,

*John Baldwin*
John Baldwin. pro-se
30 Administration rd.
Bridgewater, MA. 02324

(6)