UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. 05-10898-DPW

John Baldwin
   Plaintiff

V.

Bruce Tessier, et al.
   Defendants.

DECLARATION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN ALTERNATIVE, FOR SUMMARY JUDGMENT FOR FAILURE TO STATE A CLAIM

JOHN BALDWIN declares under penalty of perjury

1. I am the Plaintiff in the above entitled case. I make this declaration in opposition to defendants' motion to dismiss or, in alternative, for summary judgment, for failure to state a claim, on my claim concerning use of force against Plaintiff by defendants Tessier, Ford, Barron, and Smith.

2. The defendants claim, in summary, that they

ordered the Plaintiff to leave his cell to speak defendant Barroni and to be transferred to General Population, that Plaintiff refused, and the defendants were required to use force in order to escort the Plaintiff to Population, and that they used only enough force to restrain the Plaintiff and that the Plaintiff's injuries were minimum and pre existing.

3. The defendants are not entitled to Summary Judgement because there are Genuine issues of material fact to be resolved. These issues are identified in the accompanying Statement of Disputed Factual Issues filed by the Plaintiff Pursuant to Rule ~~~~ of the Local Rules of this district court. The facts are set out in this declaration.

4. On April 1, 2003, Plaintiff was housed in WWSU, 10 Block, Segregation Unit. Defendant Tessier, came to Plaintiff's cell and Stated ___ "Pack your Stuff You're moving to a different cell." Plaintiff refused due to the still had feces smeared on the wall, which would have posed a serious health risk. Plaintiff in the cell.

5. On April 2nd, 2003, the next day in the morning hours when the Nurse was passing out the morning medication She approached Plaintiff's cell and stated, "get your water," in order to recieve your meds. At this time Plaintiff explained to the nurse

that he had an order for his meds not to be crushed.

6. At hearing the Plaintiff's statement, defendant Barroni then ordered defendant Ford to put handcuffs and leg irons on the Plaintiff and to give him (the Plaintiff) his cane in order for him to be removed from his cell and brought to the end of the tier in order to recieve his meds. After the Plaintiff finished taking his meds, defendant Barroni then ordered defendants Ford and Tessier to drag the Plaintiff up the stairs in order for him to be moved to Population and to take the cane from the Plaintiff.

7. Upon reaching the top of the stairs, defendant Barroni called defendant Smith to open the gate and join in on the escort of the Plaintiff.

8. Plaintiff at this time requested to see medical staff due to the injuries he recieved during the escort.

9. Plaintiff's medical requests was denied by all of the defendants and Plaintiff was left in a cell for approx. 4 to 7 days without medical attention.

10. Plaintiff submitted a medical request slip

in order to recieve medical attention for his injuries in which caused the Plaintiff to have a migraine headaches.

11. After a few days, Plaintiff was seen by a physician who at the time diagnosed Plaintiff with migraine headaches and prescribed Plaintiff medication to help stop the headaches.

Signed under the Pains and Penalties of Perjury on this 4th day of October _____ Year of 200_

John Baldwin
John Baldwin
30 Administration Rd.
Bridgewater, Ma 02324

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. 05-10898-DPW

John Baldwin
        Plaintiff

V.

Bruce Tessier, et al.
        Defendants.

PLAINTIFF'S STATEMENT OF DISPUTED
FACTUAL ISSUES

Defendants have moved for Summary Judgment on the Plaintiff's claims. Pursuant to Local Rule ___ of this Court, the Plaintiff submits the following list of genuine issues of material fact that require the denial of the defendants' Motion.

1. Whether the Plaintiff was provided with adequate medical care.

2. Whether the defendants were required to drive the Plaintiff while he was handcuffed and leg irons

3. Whether the Plaintiff offered any resistance or disobedience to defendants upon leaving his cell.

4. Whether the Plaintiff was examined by a medical staff in his cell on April 2, 2005, after the assault.

5. Whether the force utilized by the defendants against the Plaintiff was applied in good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm.

6. Whether the Plaintiff submitted a sick slip on April 3, 2005, and was seen by Nurse Practitioner Kim K. Erdeily.

7. Whether the Plaintiff had an EEG because of the injuries recieved from the assault, or for some other medical purpose.

8. Whether the Special Investigator for the D.O.C. investigated the assault without prejudice, and unbias.

DATED: Oct. 4, 2005

Respectfully Submitted
John Baldwin
John Baldwin
30 Administration Rd.
Bridgewater MA 02324

HONORABLE Douglas P. Woodlock
UNITED STATES DISTRICT COURT
1 COURTHOUSE WAY, SUITE 2300
OFFICE OF THE CLERK
BOSTON, MA 02210

RE: Baldwin v. Tessier, et al.
    Civil Action No. 05-10898-DPW

Dear Judge Woodlock:

Please accept this letter brief in lieu of a more formal brief in opposition to Defendants' MOTION TO DISMISS, OR IN ALTERNATIVE, FOR SUMMARY JUDGMENT FOR FAILURE TO STATE A CLAIM.

STATEMENT OF THE CASE

This is a §1983 action filed by a Prisoner, At all times relevant to his Complaint the Plaintiff was lawfully incarcerated within the Department of Correction ("DOC") and housed at the Maxium Security facility Massachusetts Correction Institution – Cedar Junction ("MCI-CJ"), located in South Walpole, MA.

ARGUMENT I

PLAINTIFF'S COMPLAINT AGAINST DE-

FENDANTS SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER SEC. 1983.

"Every person who under color of any statue, ordinance, resolution, custom, or usage of any State of Territory or the District of Columbia Subjects, or Cause to be Subjected, any Citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, priviledges, or immunities secured by the Constitution and laws, shall be liable to party injured in an action at law, Suit in equity, or other proper proceedings for redress." Mastromatteo v. Simock, 1994 WL 577639, 3(3rd cir. 1994).

To state a Claim, a Plaintiff must allege a deprivation of a right, guaranteed by the Constitution or the laws of the United States, by a defendant acting under color of law. Tunstall v Office of Judicial Support, 820 F.2d 631, 633 (3d cir. 1987). "Even negligent delay by County Personnel, in seeking medical treatment for person detained, in jail, does not show deliberate indifference to detainee's Constitutional rights, for purposes of sec. 1983 Civil rights Claim. However, the Plaintiff here has Stated a deprivation of right, Guaranteed under the Eighth Amendment, where the defendant(s) [EMPLOYEES OF THE CORRECTIONAL FACILITY] acted with "deliberate indifference," not mere inadvertance..." Silva v. Pulaski County, 959 F.2d 662, 667 (7th cir. 1992).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to Plaintiff, Plaintiff is not entitled to relief. Barmacinnies v. Risch, 782 F.2d 1148, 1152 (3rd Cir. 1986); Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3rd Cir.), cert. denied, 474 U.S. 935 (1985). The Court may not dismiss a complaint unless Plaintiff can prove no set of facts which would entitle him to relief. Conely v. Gibson, 355 U.S. 41, 45-46 (1957); Angelastro, 764 F.2d at 944. "The issue is not whether a Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Schever v. Rhodes, 416 U.S. 232, 236 (1974). In setting forth a valid claim, a party is required only to plead "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

When reviewing the moving papers, it becomes clear that the defendants acted maliciously and sadistically to cause harm the use of force and deliberate indifference, not mere inadvertence, to the Plaintiff's medical needs.

The Plaintiff was not examined until several days later/after the alleged assault by medical staff. It was shown that Plaintiff had bruisings, superficial marks on his neck and diagnosed with headaches and provided with a prescription. (Plaintiff has photographs of his injuries, but is unable to produce at this time as

exhibits has only one set) See attached Declarations in to this Opposition.

## ARGUMENT II

### THERE ARE GENUINE ISSUES OF MATERIAL FACT THAT PRECLUDE SUMMARY JUDGMENT FOR THE DEFENDANTS ON THE PLAINTIFFS' USE OF FORCE CLAIM

Summary judgment is to be granted only if the record before the Court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. A "material" fact is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The affidavits of the Plaintiff and the defendants are squarely contradictory as to what force was used, when it was used, and why it was used.

The allegations in the Plaintiff's affidavit portray a completely needless use of force against an inmate who was locked in a segregation unit and cooperated with the order he had been given (turn around to be handcuffed and escorted) in order to set his medication. This is clearly a genuine issue of fact.

15

The factual dispute is also material. Under the governing law, whether the use of force by prison staff violates the Eighth Amendment depends on whether it was "applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." Hudson v. McMillian, ___ U.S. ___, 112 S.Ct. 995, 998-99 (1992); Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986). The facts alleged by the Plaintiff are evidence that the defendants were acting "maliciously and sadistically to cause harm."; they would support a jury verdict in the Plaintiff's favor. See Miller v. Leathers, 913 F.2d 1085, 1088 (4th Cir. 1990) (en banc) (retaliatory **intent** could be inferred from officers' action), cert. denied, 111 S.Ct. 1018 (1991); Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990) (testimony that a beating was completely gratuitous and that no force at all was necessary would support a finding of malice); Lewis v. Downs, 774 F.2d 711, 714 (6th Cir. 1985) (evidence that an officer kicked (Kneed?) a handcuffed person who was being chased (Was Showed malicious motivation) emphasis added.

## ARGUMENT III
## POINT I

THE ARE GENUINE ISSUES OF MATERIAL FACT THAT PRECLUDE SUMMARY JUDGMENT FOR THE DEFENDANTS ON THE PLAINTIFFS' DENIAL OF MEDICAL CARE

The Complaint states a claim under the Eighth (8th) Amendment.

 The Supreme Court has ruled that "deliberate indifference to serious medical needs of prisoners" is cruel and unusual punishment. Estelle v Gamble, 429 U.S. 97, 104 (1976) The Complaint alleges facts that state a Constitutional Claim under this Standard.

## A. THE PLAINTIFF HAS A SERIOUS MEDICAL NEED.

The defendants argue that the Plaintiff's medical problem is not "serious" because it consists of "mere facial redness and superficial scratches as well as headaches." Defendants' Memorandum of Law at Page 7. They are wrong for the following reasons.

FIRST, Courts generally agree that a medical need is "serious" if it "has been diagnosed by a physician as mandating treatment...." Johnson v Busbee, 953 F.2d 349, 351 (8th Cir. 1991); Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990); Monmouth County Correctional Institution Inmates V Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1066 (1988); Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981) and cases cited. In this case, the prison doctor thought the

Plaintiff's Problem was Serious enough to require treatment and she prescribed medication for it. Complaint at Page 4, Para. 24, and defendants statement of undisputed facts at Para. 12. The Plaintiff's problem is therefore, "Serious" under the holdings of the above cited cases.

Finally, Courts have acknowledged that Conditions that cause Significant Pain are Serious medical needs. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) ("Chronic and substantial Pain" indicates that a medical need is serious); Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th Cir. 1991) (needless Pain is actionable even if there is no Permanent injury); Dean v. Coughlin, 623 F.Supp. 392, 404 (S.D.N.Y. 1985) ("Conditions that cause Pain, discomfort or threat to good health" are Serious). This is true because a Chief Purpose of Cruel and unusual Punishment Clause is to Prevent the "Unnecessary and wanton infliction of Pain." Estelle v. Gamble, 429 U.S. at 104 (Citation omitted).

## CONCLUSION

For the foregoing reasons, the defendants' Motion To Dismiss, or In Alternative, For Summary Judgment should be denied.

Respectfully Submitted,

DATED: Oct. 4, 2005

John Baldwin, pro se
30 Administration Rd.
Bridgewater, MA 02324

CC: Wendy C. Weber
     Counsel

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon WENDY C. WEBER, COUNSEL FOR DEFENDANTS at Department of Correction, Legal Division, 70 Franklin St., Suite 600, Boston, MA 02110-1300. By First Class Mail Postage Pre Paid. On October 4, 2005.

John Baldwin
John Baldwin
30 Administration Rd
Bridgewater, MA
02324