UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CIVIL ACTION
NO. 05-10898-DPW

JOHN BALDWIN,
    Plaintiff,

v.

BRUCE TESSIER, *et al.*,
    Defendants.

**DEFENDANTS' MOTION TO
STAY DISCOVERY PENDING A RULING ON
DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

Now come the defendants in the above-captioned matter and hereby respectfully request that this Court stay any further discovery requested by the plaintiff until such time as the Court rules upon the dispositive motion filed by the defendants.. As grounds therefore, the defendants state as follows:

1.    The *pro se* plaintiff, John Baldwin is an inmate lawfully incarcerated within the Department of Correction. He initiated this suit on April 27, 2005, apparently alleging (1) excessive force in violation of the Eighth Amendment; (2) denial of due process in violation of the Fourteenth Amendment; (3) denial of proper medical care in violation of the Eighth Amendment; and (4) the state tort of assault and battery. See Docket Entry No. 2 and Complaint, pp.3-5.

2.    The plaintiff initially served four sets of identical interrogatories on the Department's headquarters in Milford, Massachusetts, rather than on the individual defendants. As they were not specifically directed to a particular defendant, the undersigned counsel requested clarification, which she received on August 8, 2005. See generally Def.'s Motion for Extension of Time to September 22, 2005 to Respond to Interrogatories, at Docket Entry No. 25.

3.      On August 15, 2005, after the Court (Woodlock, J.) allowed an enlargement of time, the defendants filed a Motion to Dismiss, or in the alternative, for Summary Judgment. See Docket Entries No. 19-21. The Statement of Facts filed therewith contained seven (7) exhibits, including true and accurate copies of: (1) plaintiff's Internal Bed History, showing his housing assignments within the Department; (2) the investigation into plaintiff's complaint that he was forcibly moved to new housing; (3) a grievance filed by the plaintiff concerning the incident; and (4) medical records pertinent to the plaintiff's claims.

4.      The interrogatories were due on or before September 8, 2005. Due to previously approved vacations and the difficulty in contacting the defendants, each of whom worked at a different institution and on differing shifts, the undersigned requested an additional two (2) weeks to respond, which was granted by the Court. See Docket Entry Nos. 25 & 26.

5.      The defendants served the interrogatories by mail on September 22, 2005.

6.      On September 28, 2005, the undersigned received plaintiff's request for production of documents. Notably, most of the documents requested had already been produced to the plaintiff by way of the defendants' dispositive motion, or were accessible to the defendant through a request to the institution for same (e.g., his own medical records). In addition, the plaintiff requested, and the defendants provided, a Departmental policy (103 CMR 505: Use of Force), despite the fact that it is made available to all inmates in their institutional law library. The defendants also provided a copy of a disciplinary report received by the defendant the day before the incident and a redacted grievance log showing all grievances filed by him in 2003.

7.      The plaintiff responded to the defendants' dispositive motion on October 6, 2005. See Docket Entry No. 26. The plaintiff's pleadings address the points raised by the defendants' brief.

8. On October 24, 2005, the defendants served the plaintiff with a response to his request for production of documents.

9. Nearly a month later, on November 23, 2005, the defendants received one (1) copy of a request for admissions. <u>See</u> Exhibit A attached hereto. The document does not identify to which party it is directed. Moreover, the admissions requested are nearly entirely duplicative of answers already provided to interrogatories, or of information provided by way of production of documents.

10. As the defendants' dispositive motion has been pending since August 2005, with an opposition on its merits filed since October 2005, the defendants respectfully request that this Court order all further discovery in this matter stayed until such time as it rules upon the pending motion. As grounds therefore, the defendants assert their belief that this case will be entirely disposed of by way of the pending dispositive motion. Moreover, the plaintiff has already had interrogatories and production of documents (which, notably, were served before his response to the pending motion), as well as having been provided with numerous documents as part of the pending motion. Finally, the plaintiff was clearly able to respond to the points set forth in the dispositive motion, and has made no motion or request defining a need for any additional discovery at this stage in the litigation in the two months since filing his opposition.

11. In contrast, requiring the defendants to continue to respond to plaintiff's discovery requests at this stage in the litigation may result in the potentially needless expenditure of attorney and client time. The defendants are at different institutions spread across the state; one defendant works the 11 p.m. to 7 a.m. shift, which has no overlap with normal legal division business hours; and each defendant has a varying workweek schedule. Should the court rule in favor of the defendants on the pending motion, no further discovery will be needed, and this

3

additional request by the plaintiff almost two months after his opposition, will be futile. Moreover, should the court rule in favor of the plaintiff on the pending motion, or significantly narrow the issues as a result of the pending motion, the parties can then agree to a proposed discovery schedule that is tailored to the case and plaintiff can renew his request for admissions at that time. Therefore, there is no prejudice to the plaintiff if discovery is stayed, and potentially needless effort by the defendants can be avoided.

WHEREFORE, the defendants respectfully request that the Court issue an order staying all discovery, including the defendants' response to plaintiff's request for admissions, until such time as it has ruled on the pending dispositive motion.

Dated: December 6, 2005

Respectfully submitted,

Defendants,
By their attorneys:
NANCY ANKERS WHITE
Special Assistant Attorney General

   /s/ Wendy C. Weber
Wendy C. Weber, Counsel
BBO No. 633950
Department of Correction
Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300 x189

**The Court has excused compliance with Local Rules 7.1(A)(2) and 37.1 by the defendant in this case.**

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the plaintiff appearing *pro se* by first class mail.

Date: December 6, 2005

   /s/ Wendy C. Weber
Wendy C. Weber, Counsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-10898-DPW

JOHN BALDWIN
    PLAINTIFF,

v.

BRUCE TESSIER, ET AL.
    DEFENDANTS,

PLAINTIFF'S REQUEST FOR ADMISSIONS

  Pursuant to Rule 36, Fed. R. Civ. P., Plaintiff requests the defendants to make the following admissions under oath within 30 days of service.

1. It is routine and established practice at MCI-Cedar Junction to use force to a prisoner from 10 block housing unit to general population after he has refused a housing assignment.

2. It is routine and established practice at MCI-Cedar Junction for a use of force report to be written by all officers involved in the use of force incident by the end of their shift.

3. 103 CmR 430.00 et seq. is the routine and Practice written Procedure used at MCI-


EXHIBIT A

5

in April 2003 when an Prisoner refused an housing assignment.

4. It is the routine and established Practice at MCI-Cedar Junction for the Special investigator to interview all prison staff members involved in the allegation of assaulting a Prisoner.

5. It is the routine and established Practice at MCI-Cedar Junction for a Staff member to take the Same number of Photographs of a Prisoner at the Same time as a Prisoner's Attorney.

6. On April 2, 2003 the defendants had to use force to move the Plaintiff from 10 block housing unit (SEGREGATION).

7. During the escort of the Plaintiff on April 2, 2003 the Plaintiff received injuries.

8. On April 2, 2003 Plaintiff refused an housing assignment, and received a Disciplinary Report.

Respectfully Submitted
John Baldwin
John Baldwin
30 Administration Rd.
Bridgewater, MA 02324

CC: Wendy C. Weber
     Defendants Counsel

6

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the Attorney of record by First Class Mail Postage Pre-Paid on 11-16-05, 2005.

*John Baldwin*
John Baldwin