UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.  05-10898-DPW

JOHN BALDWIN,

      Plaintiff,

v.

BRUCE TESSIER, *et al.*,

      Defendants.

## ANSWER

Defendants Bruce Tessier, Patrick Smith and Thomas Barron (hereafter referred to collectively as the "defendants"), for their answer to the plaintiffs' Complaint, answering in like numbered paragraphs, state as follows:

## Preliminary Statement

As this unnumbered paragraph contains only introductory statements and conclusions of law, the defendants are not required to respond.  To the extent that this paragraph does contain allegations to which the defendants must respond, these allegations are expressly denied.

## Jurisdiction

1.      As this paragraph contains conclusions of law, the defendants are not required to respond.  To the extent that this paragraph does contain allegations to which the defendants must respond, these allegations are expressly denied.

2.      As this paragraph contains conclusions of law, the defendants are not required to respond.  To the extent that this paragraph does contain allegations to which the defendants must respond, these allegations are expressly denied.

**Parties**

3.      The defendants admit the allegations in this paragraph only to the extent that plaintiff John Baldwin ("plaintiff") was an inmate lawfully incarcerated within the Department of Correction ("Department") and housed at the Massachusetts Correctional Institution – MCI-Cedar Junction ("MCI-CJ") at all times relevant to his Complaint.  To the extent that this paragraph contains any additional factual allegations to which the defendants are required to respond, the defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the matters asserted.

4.      The defendants admit the allegations in this paragraph only to the extent that defendant Bruce Tessier is a correctional officer employed by the Department who was assigned to MCI-CJ at all times relevant to the Complaint.  The defendants are not required to respond to the remainder of the allegations set forth in this paragraph as they do not apply to these defendants and contain conclusions of law that require no response.

5.      The defendants admit the allegations in this paragraph only to the extent that defendant Patrick Smith is a lieutenant employed by the Department who was assigned to MCI-CJ at all times relevant to the Complaint.  The defendants are not required to respond to the remainder of the allegations set forth in this paragraph as they contain conclusions of law that require no response.

6.      The defendants admit the allegations in this paragraph only to the extent that defendant Thomas Barroni is a captain employed by the Department who was assigned to MCI-CJ at all times relevant to the Complaint.  The defendants are not required to respond to the remainder of the allegations set forth in this paragraph as they contain conclusions of law that require no response.

7.     The defendants are not required to respond to the allegations set forth in this paragraph as they contain conclusions of law that require no response.

## Facts

8.     The defendants admit the allegations set forth in the first sentence of this paragraph only to the extent that on or about April 1, 2003, the plaintiff was housed in the Special Management Unit (also known as Block 10 or the AA Unit) at MCI-CJ, and refused a correction officer's direct order to move to another unit.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the second sentence of this paragraph.  The defendants admit the allegations set forth in the final sentence of this paragraph.

9.     The defendants are not required to respond to the allegations set forth in this paragraph as they do not apply to these defendants.  To the extent that this paragraph contains any factual allegations to which the defendants are required to respond, the defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted.

10.     The defendants admit the allegations set forth in this paragraph only to the extent that defendant Barroni ordered the plaintiff to be placed in restraints and removed from his cell in order to move him to a different housing unit.  The remainder of the allegations set forth in this paragraph are denied.

11.     The allegations set forth in this paragraph are denied.

3

**Misuse of Force**

12.     The allegations set forth in this paragraph are denied.

13.     The defendants are not required to respond to the allegations in this paragraph as they do not apply to these defendants.

14.     The allegations set forth in this paragraph are denied.

15.     The allegations set forth in this paragraph are denied.  The defendants further state that all state and federal claims presented by this plaintiff concerning the use of leg irons have been dismissed pursuant to the Order dated March 22, 2006 (Woodlock, J.)

16.     The allegations set forth in this paragraph are denied.  The defendants further state that all state claims presented by this plaintiff concerning excessive force by defendant Barroni have been dismissed pursuant to the Order dated March 22, 2006.

**Denial of Due Process**

As a preliminary matter, the defendants state that the Court (Woodlock, J.) has ruled that the plaintiff's Complaint does not state a due process claim pursuant to the Order dated March 22, 2006.  Accordingly, to the extent that the allegations in paragraphs 17-20 refer to a due process claim, the defendants are not required to respond.  To the extent that the plaintiff's allegations refer to any other claim set forth herein, the defendants respond as follows:

17.     To the extent that the phrase "this incident" in this paragraph refers to plaintiff's escorted move from the Special Management Unit to another cell on April 2, 2003, the defendants admit that no use of force reports were filed.  The remaining

4

allegations in this paragraph are either legal conclusions, to which no response is required, or are otherwise denied.

18.    To the extent that the phrase "this incident" in this paragraph refers to plaintiff's escorted move from the Special Management Unit to another cell on April 2, 2003, the defendants admit that the plaintiff filed Grievance No. 03-342 and that same was denied. The remaining allegations in this paragraph are otherwise denied.

19.    To the extent that the phrase "this incident" in this paragraph refers to plaintiff's escorted move from the Special Management Unit to another cell on April 2, 2003, the defendants admit that former MCI-CJ Superintendent Peter Allen denied Grievance No. 03-342 on May 13, 2003. The remaining allegations in this paragraph are otherwise denied.

20.    The defendants are not required to respond to the allegations in this paragraph as they do not apply to these defendants.

## Denial of Medical Care

The defendants are not required to respond to the allegations set forth in paragraphs 21-24 as all of the plaintiff's claims with regard to denial of medical care have been dismissed pursuant to the Order dated March 22, 2003 (Woodlock, J). To the extent that the plaintiff's allegations refer to any other claim set forth herein, the defendants respond as follows:

21.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph. The defendants further expressly deny that the plaintiff received any injuries claimed herein during the escorted move.

5

22.    The defendants deny the allegations set forth in this paragraph.

23.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.  The defendants further expressly deny that the plaintiff received any injuries claimed herein during the escorted move.

24.    The defendants are informed and believe that the plaintiff was treated for headaches after April 2, 2003.  The defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations concerning diagnosis and/or cause of the plaintiff's headaches.  The defendants further expressly deny that the plaintiff received any injuries claimed herein during the escorted move.

### Claims for Relief

25.    The allegations set forth in this paragraph call for a legal conclusion to which no response is required.

26.    The allegations set forth in this paragraph call for a legal conclusion to which no response is required.

27.    The allegations set forth in this paragraph call for a legal conclusion to which no response is required.

### Relief Requested

The first unnumbered paragraph contains no allegations to which a response is required.

A.    This paragraph contains no allegations to which a response is required.

1.    The defendants deny that the plaintiffs are entitled either to judgment or to the relief requested in this paragraph.  The defendants further state that all claims against

defendant Ford have been dismissed pursuant to the Order dated March 22, 2006
(Woodlock, J.)

        2.        The defendants deny that the plaintiffs are entitled either to judgment or to
the relief requested in this paragraph.  The defendants further state that all state law
assault and battery claim against defendant Barroni has been dismissed pursuant to the
Order dated March 22, 2006 (Woodlock, J.)

        3.        The defendants deny that the plaintiffs are entitled either to judgment or to
the relief requested in this paragraph.  The defendants further state that all medical care
claims against the defendants have been dismissed pursuant to the Order dated March 22,
2006 (Woodlock, J.)

        B.        This paragraph contains no allegations to which a response is required.

        1.        The defendants deny that the plaintiffs are entitled either to judgment or to
the relief requested in this paragraph.  The defendants further state that all claims against
defendant Ford have been dismissed pursuant to the Order dated March 22, 2006
(Woodlock, J.)

        2.        The defendants deny that the plaintiffs are entitled either to judgment or to
the relief requested in this paragraph.  The defendants further state that all state law
assault and battery claim against defendant Barroni has been dismissed pursuant to the
Order dated March 22, 2006 (Woodlock, J.)

        3.        The defendants deny that the plaintiffs are entitled either to judgment or to
the relief requested in this paragraph.  The defendants further state that all medical care
claims against the defendants have been dismissed pursuant to the Order dated March 22,
2006 (Woodlock, J.)

C.     This paragraph contains no allegations to which a response is required.

1.     The defendants deny that the plaintiffs are entitled either to judgment or to the relief requested in this paragraph.  The defendants further state that all claims against defendant Ford have been dismissed pursuant to the Order dated March 22, 2006 (Woodlock, J.)

2.     The defendants deny that the plaintiffs are entitled either to judgment or to the relief requested in this paragraph.  The defendants further state that all state law assault and battery claims against defendant Barroni have been dismissed pursuant to the Order dated March 22, 2006 (Woodlock, J.)

D.     The defendants deny that the plaintiffs are entitled either to judgment or to the relief requested in this paragraph.  The defendants further state that all claims against defendant Ford, all state law assault and battery claims against defendant Barroni, and all medical care claims against the defendants have been dismissed pursuant to the Order dated March 22, 2006 (Woodlock, J.)

## DEFENSES

### First Defense

The defendants are entitled to qualified immunity.

### Second Defense

Any actions taken by the defendants were performed within the scope of their duties, authority, and jurisdiction, and made in good faith, without malice and without corruption, and therefore the defendants are entitled to common law immunity with respect to any common law torts alleged in the Complaint.

## Third Defense

The Court lacks subject matter jurisdiction, either in whole or in part.

## Fourth Defense

The plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), amending 42 U.S.C. § 1997(e).

## Fifth Defense

The plaintiff's claims are barred for his failure to exhaust other remedies.

## Sixth Defense

Because of his own conduct, the plaintiff is estopped from raising any claims he may have against the defendants for matters asserted in this Complaint.

## Seventh Defense

The plaintiff, through his own actions, is responsible for any injury or suffering that he allegedly may have had during the time herein relevant, and accordingly, he is barred from recovery of any relief sought.

## Eighth Defense

The defendants reserve the right to add additional defenses.

## JURY DEMAND

The defendants claim a trial by jury on all issues so triable.

Dated:  August 14, 2006                    Respectfully submitted,

                                           NANCY ANKERS WHITE
                                           Special Assistant Attorney General

                                           ___/s/ Wendy C. Weber_____
                                           Wendy C. Weber, Counsel
                                           BBO No. 633950
                                           Department of Correction
                                           Legal Division
                                           70 Franklin Street, Suite 600
                                           Boston, MA 02110-1300
                                           (617) 727-3300 x189

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served on the counsel appointed for plaintiff, Michael Shin, Esq., 200 Clarendon Street 27th Floor, Boston, MA 02116-5021, by first class mail.

Dated: August 14, 2006                     ___/s/ Wendy C. Weber_____
                                           Wendy C. Weber, Counsel