UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.  05-10898-DPW

JOHN BALDWIN,

      Plaintiff,

v.

BRUCE TESSIER, *et al.*,

      Defendants.

## **ANSWER OF BRIAN FORD**

Defendant Brian Ford, for his answer to the plaintiffs' Complaint, answering in like numbered paragraphs, states as follows:

### **Preliminary Statement**

As this unnumbered paragraph contains only introductory statements and conclusions of law, the defendant is not required to respond.  To the extent that this paragraph does contain allegations to which the defendant must respond, these allegations are expressly denied.

### **Jurisdiction**

1.     As this paragraph contains conclusions of law, the defendant is not required to respond.  To the extent that this paragraph does contain allegations to which the defendant must respond, these allegations are expressly denied.

2.     As this paragraph contains conclusions of law, the defendant is not required to respond.  To the extent that this paragraph does contain allegations to which the defendant must respond, these allegations are expressly denied.

**<u>Parties</u>**

3.    The defendant admits the allegations in this paragraph only to the extent that plaintiff John Baldwin ("plaintiff") was an inmate lawfully incarcerated within the Department of Correction ("Department") and housed at the Massachusetts Correctional Institution – MCI-Cedar Junction ("MCI-CJ") at all times relevant to his Complaint.  To the extent that this paragraph contains any additional factual allegations to which the defendant is required to respond, the defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the matters asserted.

4.    The defendant admits the allegations in this paragraph only to the extent that defendant Brian Ford is a correctional officer employed by the Department who was assigned to MCI-CJ at all times relevant to the Complaint.  The defendant is not required to respond to the remainder of the allegations set forth in this paragraph as they do not apply to this defendant and contain conclusions of law that require no response.

5.    The defendant is not required to respond to the remainder of the allegations set forth in this paragraph as they do not apply to this defendant and contain conclusions of law that require no response.

6.    The defendant is not required to respond to the remainder of the allegations set forth in this paragraph as they do not apply to this defendant and contain conclusions of law that require no response.

7.    The defendant is not required to respond to the allegations set forth in this paragraph as they contain conclusions of law that require no response.

**Facts**

8.      The defendant admits the allegations set forth in the first sentence of this paragraph only to the extent that on or about April 1, 2003, the plaintiff was housed in the Special Management Unit (also known as Block 10 or the AA Unit) at MCI-CJ, and refused a correction officer's direct order to move to another unit.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the second sentence of this paragraph.  The defendant admits the allegations set forth in the final sentence of this paragraph.

9.      The defendant is not required to respond to the allegations set forth in this paragraph as they do not apply to this defendant.  To the extent that this paragraph contains any factual allegations to which the defendant is required to respond, the defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted.

10.     The defendant admits the allegations set forth in this paragraph only to the extent that defendant Barroni ordered the plaintiff to be placed in restraints and removed from his cell in order to move him to a different housing unit.  The remainder of the allegations set forth in this paragraph are denied.

11.     The allegations set forth in this paragraph are denied.

**Misuse of Force**

12.     The allegations set forth in this paragraph concerning the defendant are are denied.  The defendant is not required to respond to the remainder of the allegations set forth in this paragraph as they do not apply to this defendant.

13.     The allegations set forth in this paragraph are denied.

14.     The defendant is not required to respond to the remainder of the allegations set forth in this paragraph as they do not apply to this defendant.

15.     The allegations set forth in this paragraph concerning the defendant are denied.  The defendant is not required to respond to the remainder of the allegations set forth in this paragraph as they do not apply to this defendant.  The defendant further states that all state and federal claims presented by this plaintiff concerning the use of leg irons have been dismissed pursuant to the Order dated March 22, 2006 (Woodlock, J.)

16.     The defendant is not required to respond to the allegations set forth in this paragraph as they do not apply to this defendant.  The defendant further states that all state claims presented by this plaintiff concerning excessive force by defendant Barroni have been dismissed pursuant to the Order dated March 22, 2006.

**Denial of Due Process**

As a preliminary matter, the defendant states that the Court (Woodlock, J.) has ruled that the plaintiff's Complaint does not state a due process claim pursuant to the Order dated March 22, 2006.  Accordingly, to the extent that the allegations in paragraphs 17-20 refer to a due process claim, the defendant is not required to respond.  To the extent that the plaintiff's allegations refer to any other claim set forth herein, the defendant responds as follows:

17.    To the extent that the phrase "this incident" in this paragraph refers to plaintiff's escorted move from the Special Management Unit to another cell on April 2, 2003, the defendant admits that no use of force reports were filed.  The remaining allegations in this paragraph are either legal conclusions, to which no response is required, or are otherwise denied.

18.    To the extent that the phrase "this incident" in this paragraph refers to plaintiff's escorted move from the Special Management Unit to another cell on April 2, 2003, the defendant admits that the plaintiff filed Grievance No. 03-342 and that same was denied.  The remaining allegations in this paragraph are otherwise denied.

19.    To the extent that the phrase "this incident" in this paragraph refers to plaintiff's escorted move from the Special Management Unit to another cell on April 2, 2003, the defendant admits that former MCI-CJ Superintendent Peter Allen denied Grievance No. 03-342 on May 13, 2003.  The remaining allegations in this paragraph are otherwise denied.

20.    The defendant is not required to respond to the allegations in this paragraph as they do not apply to this defendant.

<u>**Denial of Medical Care**</u>

The defendant is not required to respond to the allegations set forth in paragraphs 21-24 as all of the plaintiff's claims with regard to denial of medical care have been dismissed pursuant to the Order dated March 22, 2003 (Woodlock, J).  To the extent that the plaintiff's allegations refer to any other claim set forth herein, the defendant responds as follows:

21.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.  The defendant further expressly denies that the plaintiff received any injuries claimed herein during the escorted move.

22.     The defendant denies the allegations set forth in this paragraph.

23.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.  The defendant further expressly denies that the plaintiff received any injuries claimed herein during the escorted move.

24.     The defendant is informed and believe that the plaintiff was treated for headaches after April 2, 2003.  The defendant is without knowledge or information sufficient to form a belief with regard to the truth of the allegations concerning diagnosis and/or cause of the plaintiff's headaches.  The defendant further expressly denies that the plaintiff received any injuries claimed herein during the escorted move.

## Claims for Relief

25.     The allegations set forth in this paragraph call for a legal conclusion to which no response is required.

26.     The allegations set forth in this paragraph call for a legal conclusion to which no response is required.

27.     The allegations set forth in this paragraph call for a legal conclusion to which no response is required.

**Relief Requested**

The first unnumbered paragraph contains no allegations to which a response is required.

A.    This paragraph contains no allegations to which a response is required.

1.    The defendant denies that the plaintiff is entitled either to judgment or to the relief requested in this paragraph.

2.    The defendant denies that the plaintiff is entitled either to judgment or to the relief requested in this paragraph. The defendant further states that all state law assault and battery claims against defendant Barroni have been dismissed pursuant to the Order dated March 22, 2006 (Woodlock, J.)

3.    The defendant denies that the plaintiff is entitled either to judgment or to the relief requested in this paragraph. The defendant further states that all medical care claims against the defendant have been dismissed pursuant to the Order dated March 22, 2006 (Woodlock, J.)

B.    This paragraph contains no allegations to which a response is required.

1.    The defendant denies that the plaintiff is entitled either to judgment or to the relief requested in this paragraph.

2.    The defendant denies that the plaintiff is entitled either to judgment or to the relief requested in this paragraph. The defendant further states that all state law assault and battery claim against defendant Barroni has been dismissed pursuant to the Order dated March 22, 2006 (Woodlock, J.)

3.    The defendant denies that the plaintiff is entitled either to judgment or to the relief requested in this paragraph. The defendant further states that all medical care

claims against the defendant have been dismissed pursuant to the Order dated March 22, 2006 (Woodlock, J.)

      C.      This paragraph contains no allegations to which a response is required.

      1.      The defendant denies that the plaintiff is entitled either to judgment or to the relief requested in this paragraph.

      2.      The defendant denies that the plaintiff is entitled either to judgment or to the relief requested in this paragraph.  The defendant further states that all state law assault and battery claims against defendant Barroni have been dismissed pursuant to the Order dated March 22, 2006 (Woodlock, J.)

      D.      The defendant denies that the plaintiff is entitled either to judgment or to the relief requested in this paragraph.  The defendant further states that all state law assault and battery claims against defendant Barroni, and all medical care claims against the defendant have been dismissed pursuant to the Order dated March 22, 2006 (Woodlock, J.)

## DEFENSES

### First Defense

The defendant is entitled to qualified immunity.

### Second Defense

Any actions taken by the defendant were performed within the scope of his duties, authority, and jurisdiction, and made in good faith, without malice and without corruption, and therefore the defendant is entitled to common law immunity with respect to any common law torts alleged in the Complaint.

### Third Defense

The Court lacks subject matter jurisdiction, either in whole or in part.

### Fourth Defense

The plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), amending 42 U.S.C. § 1997(e).

### Fifth Defense

The plaintiff's claims are barred for his failure to exhaust other remedies.

### Sixth Defense

Because of his own conduct, the plaintiff is estopped from raising any claims he may have against the defendant for matters asserted in this Complaint.

### Seventh Defense

The plaintiff, through his own actions, is responsible for any injury or suffering that he allegedly may have had during the time herein relevant, and accordingly, he is barred from recovery of any relief sought.

### Eighth Defense

The defendant reserves the right to add additional defenses.

**JURY DEMAND**

The defendant claims a trial by jury on all issues so triable.

Dated:  February 6, 2007                              Respectfully submitted,

                                                                  NANCY ANKERS WHITE
                                                                  Special Assistant Attorney General

                                                                  ___/s/ Wendy C. Weber_____
                                                                  Wendy C. Weber, Counsel
                                                                  BBO No. 633950
                                                                  Department of Correction
                                                                  Legal Division
                                                                  70 Franklin Street, Suite 600
                                                                  Boston, MA 02110-1300
                                                                  (617) 727-3300 x189

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a true copy of the above document was served on the counsel appointed for plaintiff, Michael Shin, Esq., 200 Clarendon Street 27th Floor, Boston, MA 02116-5021, by first class mail.

Dated: February 6, 2007                              ___/s/ Wendy C. Weber_____
                                                                  Wendy C. Weber, Counsel