UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------ x
: 
JOHN BALDWIN, :
                Plaintiff, :
: C.A. No. 05-10898-DPW
     -against- :
:
BRUCE TESSIER, BRIAN FORD, :
PATRICK SMITH, and THOMAS :
BORRONI, :
:
                Defendants. :
------------------------------------------------------------------ x

## MOTION FOR INTEREST ON SETTLEMENT

    Plaintiff John Baldwin ("Baldwin") moves this Court to order the Defendants to pay 10% interest to Baldwin above and beyond the amount due under the parties' Settlement Agreement, which was executed three months ago and still awaits performance by the Defendants.

    Baldwin has assented to an extension of this Court's Settlement Order of Dismissal to July 9, 2008. By that date, it will have been more than four months since the parties executed the Settlement Agreement on March 1, 2008. That Agreement, which will be filed with the Court upon its complete performance, requires the Department of Corrections, on behalf of the Defendants, to pay Baldwin $7,000 in consideration for Baldwin executing a release of all claims against the Defendants arising out of this cause of action. Baldwin has signed such a release, but has yet to receive the payment in return.

    Massachusetts law imposes a duty of good faith and fair dealing on all contracts. *Anthony's Pier Four, Inc. v. HBC Assoc.*, 583 N.E.2d 806, 821 (Mass. 1991). While the Settlement Agreement does not provide for a deadline by which time the Department must pay Baldwin, the Defendants' performance under the Agreement must comply with this duty.

- 2 -

Counsel for Defendants has informed Baldwin's counsel that the settlement money originates in a specific fund with the state treasurer's office, and that this fund must be replenished before payment can occur. At this time, Baldwin does not have any reason to question the Defendants' counsel explanation. However, as the Massachusetts fiscal year begins on July 1, there is no good faith reason why the settlement money should not be available for payment to Baldwin by July 9, 2008, the date upon which the Settlement Order of Dismissal now expires. *See* June 9, 2008 Order.

In the interest of encouraging a final settlement in this action and avoiding trial, Baldwin requests that this Court invoke its case management authority and order that the Department's payment under the Settlement Agreement include a 10% interest charge, calculated daily beginning from the date of the Agreement's execution on March 1, 2008.

Dated: June 9, 2008

Plaintiff John Baldwin

By his attorneys,

DECHERT LLP

/s/ Joseph L. Sulman _____
Bernard J. Bonn III, BBO # 049140
Joseph L. Sulman, BBO # 663635
200 Clarendon Street, 27th Floor
Boston, MA  02116
(617) 654-8621 (phone)
(617) 426-6567 (fax)
Joseph.Sulman@dechert.com
Bernard.Bonn@dechert.com

- 3 -

## Local Rule 7.1(A)(2) Certification

Pursuant to LR 7.1(A)(2) and 37.1, counsel for Baldwin confirms that he has sought to confer in good faith with Defendants' counsel to resolve or narrow the issues presented in this motion but has been unable to do so.

June 9, 2008

    _/s/ Joseph L. Sulman_____
    Joseph L. Sulman