```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

JOHN BALDWIN,                           No. 05-cv-10898-DPW

     Plaintiff,

     v.

BRUCE TESSIER, BRIAN FORD,
PATRICK SMITH, and THOMAS BORRONI,

     Defendants.
```

OPPOSITION TO THE PLAINTIFF'S
MOTION FOR INTEREST ON SETTLEMENT

    The defendants hereby oppose the plaintiff's motion (P#71). The parties, through their counsel, negotiated and signed a Settlement Agreement. See Exhibit A, filed as an attachment hereto. The Agreement does not contain a provision for the payment of interest. Moreover, ¶7 of the Agreement states that it "constitutes and embodies the entire agreement and understanding" between the parties. Where it was not included in the Agreement, the plaintiff is not entitled to interest on the settlement funds that he is due to receive. Both parties are contractually bound by the terms of their agreement. There is no legal basis for the Court to intervene and order the payment of interest.

    Furthermore, the Settlement Agreement does not require payment by a specific date. The defendants, through the Department of Correction, agreed to "forthwith initiate the process by which the Commonwealth of Massachusetts shall issue payment." (Settlement Agreement, ¶ 1) The defendants have done that. See the Affidavit of Counsel, submitted herewith. In his

2

motion, the plaintiff notes that he signed the settlement papers on March 1, 2008, and he demands interest from that date. Although the plaintiff may have signed the papers then, Mr. Sulman mailed them to defense counsel ten days later, on March 11, and they were received on March 13. (Affidavit, ¶ 2) Defense counsel sent the settlement package to the Department's fiscal office the very next day, on March 14, and the package was approved and forwarded to the state Comptroller's Office on March 19. (Affidavit, ¶ 3) There was no inordinate delay in processing the settlement. The defendants have acted in good faith and dealt fairly with the plaintiff at all times in this matter.

Defense counsel informed plaintiff's counsel by email on April 3, 2008 that the Comptroller's settlement account is depleted and that they are waiting for a deficiency appropriation from the Legislature. (Affidavit, ¶ 4) The settlement will be paid when the Legislature approves, and the Governor signs, the budget. The time-frame for this is totally out of the hands of the defendants and their employer, the Department of Correction.

Finally, the plaintiff fails to explain why the rate of 10% interest should be imposed. This would appear to be an exorbitant rate of interest in the current economy, where major banks generally pay no more than 2% on savings accounts.

WHEREFORE, the plaintiff's motion should be denied.

          3

          Respectfully submitted,

          NANCY ANKERS WHITE
          Special Assistant Attorney General

Date: June 23, 2008         __/s/ DAVID J. RENTSCH_____
          David J. Rentsch
          Associate General Counsel
          Legal Division
          Department of Correction
          70 Franklin Street, Suite 600
          Boston, MA  02110-1300
          (617) 727-3300, ext. 142
          BBO #544926
          djrentsch@doc.state.ma.us

          CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this date.

Date: June 23, 2008         __/s/ DAVID J. RENTSCH_____

**EXHIBIT A**

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and between BRUCE TESSIER, BRIAN FORD, PATRICK SMITH, THOMAS BORRONI (collectively "the defendants"), and JOHN BALDWIN.

WHEREAS, JOHN BALDWIN commenced a lawsuit in the United States District Court against the defendants, entitled <u>John Baldwin v. Bruce Tessier, et al.</u>, Civil Action Docket No. 05-10898-DPW ("the litigation"); and,

WHEREAS, the defendants expressly deny and disclaim any wrongdoing of any kind and specifically disclaim any liability alleged in the pleadings in the litigation; and,

WHEREAS, JOHN BALDWIN and the defendants wish to settle the litigation in the spirit of compromise and judicial economy and to avoid the substantial expense, inconvenience, and distraction of protracted litigation;

NOW, THEREFORE, in consideration of the promises contained herein, the sufficiency of which is hereby acknowledged, JOHN BALDWIN and the defendants hereto agree as follows:

1. The Commonwealth of Massachusetts shall pay to JOHN BALDWIN the sum of Seven Thousand Dollars ($7,000.00) in full settlement of all claims raised, or which could have been raised, against the defendants in the litigation, inclusive of any and all costs and attorney's fees. The Department of Correction shall forthwith initiate the process by which the Commonwealth of Massachusetts shall issue payment.

2

2. JOHN BALDWIN shall execute a Release in the form attached hereto, and his attorney shall sign a Stipulation of Dismissal regarding the litigation. These documents shall be delivered forthwith to counsel for the defendants, who shall also sign the Stipulation of Dismissal and hold it in escrow until JOHN BALDWIN receives payment under this Settlement Agreement, whereupon the Stipulation of Dismissal will be filed with the Court.

3. The defendants, through their counsel, represent that they have no claims to assert against JOHN BALDWIN arising out of the subject matter of the litigation. The defendants do not release or waive any claims that they may have against JOHN BALDWIN, either now or in the future, for matters not arising out of the subject matter of the litigation.

4. Each party hereto hereby affirms that he has not relied upon any representation of any other party, other than any representation that may be expressly set forth herein, in executing, delivering, and performing this Settlement Agreement.

5. The defendants and JOHN BALDWIN agree that they will not initiate publicity regarding the fact of this Settlement Agreement or any of its terms, but agree that they may respond to unsolicited press inquiries concerning the fact and terms of this Agreement.

6. This Settlement Agreement shall be construed in accordance with the laws of the Commonwealth of Massachusetts.

3

7. This Settlement Agreement constitutes and embodies the entire agreement and understanding between the defendants and JOHN BALDWIN.

8. If any term of this Settlement Agreement shall be held to be invalid, illegal or unenforceable, the validity of all other terms hereof shall be in no way affected thereby, and this Settlement Agreement shall be construed and enforced as if such invalid, illegal or unenforceable term had not been included herein.

9. This Settlement Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

10. The undersigned counsel executing this Settlement Agreement on behalf of the defendants hereby represents that he has full authority to enter into this Agreement on behalf of the Commonwealth of Massachusetts and the Department of Correction and to take any and all steps required by the terms of this Agreement or otherwise necessary for its effectuation.

4

IN WITNESS WHEREOF, each of the parties has caused this Settlement Agreement to be executed in his name or on his behalf.

PLAINTIFF

*John Baldwin*
John Baldwin

By his attorney,

DECHERT LLP

_____
Bernard J. Bonn III, BBO #049140
Joseph L. Sulman, BBO #663635
200 Clarendon Street
27th Floor
Boston, MA  02116
(617) 654-8621

Date: March __1__, 2008

DEFENDANTS

By their attorney,

NANCY ANKERS WHITE
Special Assistant Att'y General

_____
David J. Rentsch, BBO #544926
Acting Associate General Counsel
Legal Division
Department of Correction
70 Franklin St., Suite 600
Boston, MA  02110-1300
(617) 727-3300, ext. 142